[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court as a hearing in damages being an action brought to recover for injuries suffered by the plaintiff as a result of an automobile accident on January 28, 1997. The plaintiff was the operator of an automobile when it was struck in the rear by a vehicle operated by the defendant in the City of Stamford.
After the accident the plaintiff was removed from the scene on a stretcher with a neck collar and brought by ambulance to St. Joseph Medical Center emergency room. There, X-rays of her neck and shoulder were taken and anti-inflammatory prescription drugs were administered. The plaintiff complained of pains in her neck, her lower back and down her leg as well as shoulder pain. She was shortly thereafter examined by her internist and referred to an orthopaedic surgeon, Dr. Joseph D'Amico. Dr. D'Amico ordered that the patient be treated symptomatically for acute cervical sprain, acute lumbar sprain and left shoulder contusion. He prescribed exercise and referred her to a course of physical therapy.
The plaintiff testified that the therapy helped a little but that she continued on antiinflammatory drugs. She was released from care within a year after the accident, her last visit to the Moore Center for Rehabilitation being October 6, 1997. She last consulted a physician on September 4, 1997. Dr. Mitchell Hubsher has diagnosed the plaintiffs condition as cervical neuritis, and lumbar neuritis.
The plaintiff testified that she has been advised that there is nothing more that can be done for her medically other than to be careful about her activities and to take over-the-counter pain medication such as Tylenol and Advil. She claims to have continuing neck and back pain although the pain does not radiate to her extremities. She claims that she is limited now in her physical activities as a result of the accident and her continued pain, pointing out that she no longer participates in dance classes which she enjoyed as recreation. She had taken dance CT Page 11472 lessons, including ballet, since she was five years old, participated in recitals and attended classes two or three times a week. This she can no longer do. She also claims that she has been slowed down in her other activities such as bike riding and running. It must be noted however that there is no evaluation of any permanent partial disability by a medical doctor and that the X-rays taken of the plaintiffs neck and shoulder were negative. Her medical specials amount to $2,739.48, and she makes no claim for loss wages.
The court awards fair, just and reasonable compensation as follows:
Economic damages $2,739.48
Non-economic damages $20,000 ____________ Total $22,739.48.
So Ordered.
Dated at Stamford, Connecticut, this 18th day of August, 1999.
D'ANDREA, J.